**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL SMITH, | No.    15-55782 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-08565-ODW-CW |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| TIMOTHY GANTT, | No.    15-55783 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-05979-ODW-CW |
| v. | |
| CITY OF LOS ANGELES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted April 4, 2017[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PLAGER,[***] BEA, and OWENS, Circuit Judges.

Plaintiffs Michael Smith and Timothy Gantt appeal from the district court's judgment following a jury verdict in favor of Defendants Rick Lane and Jose Reyes and the district court's grant of summary judgment in favor of Defendant City of Los Angeles. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1. Plaintiffs waived their Rule 50(b) motion.**

To file a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), a Rule 50(a) motion must be filed "before the judge submits the case to the jury." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009). Failure to do so precludes even plain error review. *Id.* Plaintiffs did not file a Rule 50(a) motion prior to the case's submission to the jury. Further, Defendants did not excuse Plaintiffs' procedurally-flawed motion because the district court denied Plaintiffs' motion sua sponte, before Defendants had a fair opportunity to object to Plaintiffs' motion. Accordingly, Plaintiffs waived their arguments for judgment as a matter of law.

---

[***] The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

2

**2. The record amply supported the jury's verdict.**

A district court's denial of a motion for a new trial may be reversed "only if the record contains no evidence in support of the verdict." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation omitted).

Here, there was support in the record for the jury's finding that the nondisclosure of David Rosemond's statement did not constitute a *Brady* violation. There was evidence to support a finding that the statement was not material, including the statement's potential to incriminate Gantt, the testimony that Rosemond's credibility was closely scrutinized during the original criminal trial, and the other evidence linking Gantt to the crime. There was also evidence to support a finding that Defendants were not deliberately indifferent as they could have "reasonably viewed [Rosemond's statement] as more incriminating than mitigating." *Gantt v. City of Los Angeles*, 717 F.3d 702, 709 (9th Cir. 2013).

In addition, there was support for the jury's finding against Plaintiffs' claim of deliberate fabrication of evidence under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc). Plaintiffs' argument focuses exclusively on Rosemond's prior testimony and ignores that, during the instant trial, he told the jury that Defendants did not threaten to charge him with murder if he did not provide a suspect, or promise him rewards or leniency in exchange for falsely identifying Plaintiffs. In conjunction with Defendants' description of a generally congenial

3

interaction, the jury had sufficient grounds to conclude that Defendants did not deliberately fabricate evidence.

### 3. Smith did not have a *Brady* claim based on Rosemond's statement.

Rosemond's statement that Gantt had previously robbed him did not relate to Smith and raised none of the personal bias concerns at issue in Rosemond's identification of Gantt. And there is no evidence that Rosemond's bias against Gantt played a role in his identification of Smith—on the contrary, Rosemond testified that he picked Smith out at random. Further, Rosemond's credibility was questioned on all matters relevant to his identification of Smith, including Rosemond's criminal background, history of mental illness, drug use, and theft of the victim's ATM card. In sum, the district court did not err in holding that Smith could not maintain a *Brady* claim as a matter of law.

### 4. The evidentiary rulings did not prejudice Plaintiffs.

Plaintiffs contend that the district court made erroneous and prejudicial evidentiary rulings during the testimony of Lane, Reyes, and Rosemond. Beginning with Lane, Plaintiffs waived any issue regarding the admissibility of Lane's testimony that Gantt implicitly confessed to murdering the victim by failing to obtain a ruling from the district court on their objections. *Marbled Murrelet v. Babbitt*, 83 F.3d 1060, 1066 (9th Cir. 1996) ("By failing to object to evidence at trial *and* request a ruling on such an objection, a party waives the right to raise

4

admissibility issues on appeal." (emphasis added)). Further, the district court's other rulings regarding Lane's testimony were not prejudicial. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003) (An error is prejudicial where "more probably than not, the lower court's error tainted the verdict." (citation omitted)).

Moreover, there was no prejudice from the district court's ruling that Plaintiffs could not impeach Reyes's testimony that he did not know whether Rosemond's problematic credibility led to the initial decision not to charge Plaintiffs, especially in light of the fact that the original prosecutor told the jury that Rosemond's credibility was an issue.

There was also no prejudice from the district court's ruling that Plaintiffs could not impeach Rosemond's statement that Gantt was "a killer man" because the district court struck the contested testimony and gave curative instructions. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000) ("There is a strong presumption that the curative instructions given by the district court were followed by the jury.").

**5. It was not an abuse of discretion to exclude Plaintiffs' expert.**

In the case of non-scientific testimony, trial courts have "broad discretion *whether* to admit expert testimony" and "the same kind of latitude in deciding *how* to test an expert's reliability." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th

5

Cir. 2000) (citation and internal quotation marks omitted).  The district court was within its discretion to question the reliability of Thomas Parker's methodology—which was based on Parker's personal experience and subjective views—and to determine that the jury did not need expert testimony in evaluating the coerciveness of Defendants' interviewing tactics.  *See United States v. Seschillie*, 310 F.3d 1208, 1212 (9th Cir. 2002) ("A district court does not abuse its discretion when it refuses expert testimony where the subject does not need expert illumination and the proponent is otherwise able to elicit testimony about the subject." (citation and internal quotation marks omitted)).[1]

**6. Judge Wright did not demonstrate bias against Plaintiffs.**

"Litigants are entitled to a trial before a judge who is detached, fair and impartial."  *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986).  Outside of actual bias, to obtain a reversal based on a judge's conduct, a party must show that "the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality, and the alleged misconduct had a prejudicial effect on the trial."  *United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

---

[1] In addition, the district court's evidentiary rulings and exclusion of Parker do not constitute cumulative error to "warrant a new trial."  *Jerden v. Amstutz*, 430 F.3d 1231, 1241 (9th Cir. 2005).

Although Judge Wright was not always courteous with Plaintiffs, the record does not support their contention that he was partial towards Defendants. We have previously recognized that this is "a difficult case to try." *Gantt*, 717 F.3d at 709 n.5. Here, Judge Wright's comments were not indicative of bias, rather they were designed to steer counsel's questions towards more relevant areas. Nor did Judge Wright vouch for a witness's credibility, he merely questioned the connection that Plaintiffs' counsel was trying to make.

In sum, although the court and the parties must always seek to "maintain an atmosphere of mutual respect and civility," *id.*, Judge Wright's comments here did not evince partiality or prejudice Plaintiffs.

## 7. The City of Los Angeles was entitled to summary judgment.

Where, as here, the nonmoving party bears the burden of proof at trial, to obtain summary judgment "the moving party need only point out that there is an absence of evidence to support the nonmoving party's case." *Devereaux*, 263 F.3d at 1076 (citation and internal quotation marks omitted). To hold the City of Los Angeles liable on a *Monell* claim, Plaintiffs were required to identify a city "policy, practice, or custom" that was "a moving force behind a violation of [their] constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiffs failed to introduce any evidence of a City of Los Angeles policy,

7

custom, or practice that led to a violation of their constitutional rights.  Thus,

Defendants only needed to point out this omission to obtain summary judgment.

**AFFIRMED.**